WARREN R. FALES *vs.* CATHERINE FALES.

OCTOBER 28, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Stating Exceptions.*

An exception "Now comes the respondent and excepts to the decision of said court in giving decision in favor of the petitioner and against said respondent and granting the prayer of said petition" is too general, and will be dismissed.

*Quære:*   Whether bills of exceptions are applicable to divorce proceedings.

DIVORCE.   Heard on motion of petitioner to dismiss respondent's bill of exceptions, and granted.

PER CURIAM. This petition for divorce comes before us upon the petitioner's motion to dismiss the respondent's bill of exceptions, which reads as follows:

"And now comes the respondent in the above entitled cause and excepts to the decision of said court in giving decision in favor of the petitioner and against said respondent, and granting the prayer of said petition, and states her exceptions to be as follows,—

"*First,*—That said court made an error of law in granting the prayer of said petition.

"*Second,*—That the decision of said court was against the evidence and the weight of the evidence.

"*Third,*—That said court erred in deciding that said petitioner had demeaned himself as a faithful husband and performed all the obligations of the marriage covenant.

"*Fourth,*—That said court erred in holding that the marriage of the parties was sufficiently established by the evidence.

"Wherefore the respondent tenders this her bill of exceptions and prays that the same may be allowed in accordance with law."

The bill of exceptions was allowed, by the presiding justice, in the following terms:

"Immediately after decision granting the petition the respondent excepted to said decision. So far as the above bill of exceptions states said exception the same is allowed as a bill of exceptions. If the above bill does not state said exception the said bill is hereby altered to state said exception.

"WILLIAM H. SWEETLAND,
"*P. J. Supr. Ct.*"

"Aug. 5th, 1908."

The exception allowed, viz.: "And now comes the respondent in the above entitled cause and excepts to the decision of said court in giving decision in favor of the petitioner and against said respondent, and granting the prayer of said petition," must be dismissed because it is too general. It is no more definite than the one criticised in *Moore* v. *Stillman*, 28 R. I. 483.

The question whether bills of exceptions are applicable to divorce proceedings under our statutes is not properly before us, and therefore will not be considered.

The case is therefore remitted to the Superior Court for further proceedings.

*Charles A. Wilson and Ralph M. Greenlaw,* for petitioner.
*Thomas F. Farrell and Charles R. Easton,* for respondent.